AO 106 (Rev. 04/10) Application for a Search Warrant  AUTHORIZED AND APPROVED/DATE: MEW 11/16/22

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

AMG 11/16/22

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address)*  )  Case No. M-22-830-AMG
)
PERSON KNOWN AS:  )
Keivon Donje Jamail Jones  )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Keivon Donje Jamail Jones, DOB: XX-XX-1997

located in the ___Western___ District of ___Oklahoma___, there is now concealed *(identify the person or describe the property to be seized)*:

Saliva, for purpose of conducting DNA testing.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☑ evidence of a crime;
  ☐ contraband, fruits of crime, or other items illegally possessed;
  ☐ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2113(b), 2314 | Bank Larceny and Transportation of Stolen Property, |
| 18 U.S.C. § 2 | Aiding and Abetting |

The application is based on these facts:
See attached Affidavit of Special Agent Shana Terry, Federal Bureau of Investigation, which is incorporated by reference herein.

  ☑ Continued on the attached sheet.
  ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Shana Terry, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/16/22

*Judge's signature*

City and state: Oklahoma City, Oklahoma

AMANDA MAXFIELD GREEN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Shana Marie Terry, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41, for a search warrant to search the person of Keivon Donje Jamail JONES (DOB: XX-XX-1997), to seize a deoxyribonucleic acid (DNA) sample from JONES as evidence of a crime. This DNA sample is necessary for comparison to DNA profiles obtained from evidence collected from a crime scene. As further outlined below, there is probable cause to believe that JONES committed the crimes of Bank Larceny and Transportation of Stolen Property, as well as Aiding and Abetting the same, in violation of Title 18 U.S.C. § 2113(b) and 2, and Title 18 U.S.C. § 2314 and 2. Specifically, the location to be searched is described in the following paragraphs and in Attachment A, and particular things to be seized are described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since February 2019. I am currently assigned to the Oklahoma City Division, Norman Resident Agency. As an FBI Special Agent, I have conducted federal investigations relating to various violations, to include bank robberies, burglaries, larcenies, violent crime, and financial fraud. I am authorized to investigate violations of the laws of the United States and to execute federal warrants. I have been involved in various aspects of investigations involving theft, including conducting searches and executing arrest warrants, evidence collection, as well as seizing DNA, documents, and electronics. I am

an investigative or law enforcement officer of the United States and am empowered by law to conduct investigations of and to make arrests for offenses set forth in United States Code, Titles 18 and 21. I have worked with other experienced local, state, and federal law enforcement officers, as well as prosecuting attorneys, and have become familiar with federal criminal violations and investigative techniques.

3. This Affidavit contains information necessary to support probable cause for this application for a search warrant. It is not intended to include every fact or matter observed by me nor known by law enforcement. The information provided is based on information from other law enforcement officers and sources of information by either verbal or written report. The officers and sources providing information may have received the information by way of personal knowledge or from other sources.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that DNA from the location identified in Attachment A contains evidence of Bank Larceny and Aiding and Abetting, in violation of Title 18 U.S.C. § 2113(b) and 2, and Transportation of Stolen Property or Money and Aiding and Abetting, in violation of Title 18 U.S.C. § 2314 and 2. Accordingly, there is probable cause to search the location described in Attachment A and seized the items described in Attachment B.

5. Based on my training and experience, I know DNA can be found in both blood and saliva of a human being. I also know DNA can be collected in a relatively unobtrusive manner by utilizing a buccal swab to obtain a saliva sample from the inside of a subject's mouth. If authorized by court order, law enforcement intends to collect a buccal

swab from JONES to obtain a DNA sample for comparison purposes. The intended manner of collecting JONES' DNA on a buccal swab will be to use a Q-tip type swab to swab the inside cheek of JONES' mouth.

## PROBABLE CAUSE

6.   On December 2, 2021, at approximately 3:45 AM, officers of the Madison Police Department in Madison, South Dakota, responded to a report of suspicious activity and subsequently an alarm notification at 402 2nd Street NE, Madison, South Dakota, the location of an ATM owned by Dakotaland Federal Credit Union. Upon arrival, officers took notice of the damaged ATM. Logical investigation was conducted, which included interviews of witnesses and bank employees, the collection of physical evidence, and the review of surveillance video recordings.

7.   Video recordings depict two men, wearing hooded jackets and face coverings, approaching the ATM at approximately 3:39 AM on December 2, 2021, in a Ford F-350 pickup truck that was later determined to have been stolen. The truck was stolen from a parking lot located on the campus of South Dakota State University in Brookings, South Dakota. The men used towing equipment, including straps and J-hooks, to physically break into the ATM and remove three cash boxes. After taking the boxes, the men fled the area in the stolen pickup truck. The truck was later recovered abandoned in a residential alleyway, Heilman Lane, in Madison, South Dakota. The empty cash boxes were also later recovered at various locations in and around Madison, South Dakota. The ATM was destroyed in the process of the burglary and was deemed a total loss. The total amount of cash stolen was $32,300, all in 20-dollar denomination.

8. The same two men are suspected to have also attempted to burglarize an ATM in De Smet, South Dakota, two days earlier, on November 30, 2021, at approximately 3:18 AM. In that attempt, a different stolen Ford pickup truck was used in a similar fashion, using towing equipment, to break into the ATM. The men were noted as wearing the same clothing as in the Madison ATM burglary. During the attempted burglary, the towing equipment failed. The men then fled the scene in the stolen truck, which was later recovered abandoned near a gravel pit in De Smet. The ATM was destroyed in the process of the attempted burglary and was deemed a total loss.

9. Aided by the results of subpoenas and search warrants for cell tower records, call detail records, cellular location data, financial accounts, social media accounts, and other records, four individuals, to include JONES, have been identified as subjects in this investigation. All identified subjects are residents of Texas with no known ties to South Dakota. All identified subjects, to include JONES, were indicted by a Federal Grand Jury in the District of South Dakota Southern Division on September 13, 2022, and charged with Bank Larceny and Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(b) and 2, and Transportation of Stolen Property or Money and Aiding and Abetting, in violation of 18 U.S.C. §§ 2314 and 2. Following the indictment, federal arrest warrants were issued.

10. On October 6, 2022, pursuant to the federal arrest warrants issued in this case, three of the subjects, not including JONES, were arrested in Virginia by the Virginia State Police after being stopped for a traffic violation. Following court appearances in Virginia, they were remanded into the custody of the United States Marshals Service for transportation to Sioux Falls, South Dakota, for detention hearings.

11. On October 18, 2022, pursuant to the federal arrest warrant issued in this case, JONES was arrested in Houston, Texas after being stopped for a traffic violation. JONES appeared in federal court and requested a detention hearing in Houston. During the hearing, JONES was denied bond and was remanded into the custody of the United States Marshals Service.

12. During the De Smet burglary attempt, the chain connecting the J-hooks broke as evidenced by the surveillance video. After the Madison burglary, the Madison Police Department collected the J-hooks, the chain connecting the hooks, and the tow strap as evidence. Aided by call detail records for JONES' cell phone, the exact type of chain collected as evidence was determined to have been sold by Lowe's home improvement stores, including at the Lowe's store in Brookings. JONES called the Lowe's store in Brookings prior to a short section of that same chain being sold at the store. In addition, a small box of screws was purchased with the chain.

13. Upon examination of the J-hooks and chain collected as evidence, small, sharp dents and scratches were evident on the large retaining pins which connect the chain links to the hooks. Additionally, one of the small retaining pins, which secure the large pins, was broken but still in place inside the hook. It is assessed that the section of chain that broke during the De Smet attempted burglary was replaced with a different section of chain, which was possibly purchased at the Lowe's store in Brookings. It is possible that the retaining pins were removed and reinstalled with the aid of the screws which left marks on the ends of the pins.

14. On June 21, 2022, the South Dakota Division of Criminal Investigation Forensic Laboratory provided the results of an examination of the J-hooks and chain that were collected as evidence and submitted to the lab. Multiple sections of the evidence were swabbed for the collection of DNA. A swab of the small retaining pins and the blunt ends of the hooks resulted in a DNA profile consistent with being a mixture of DNA from three individuals. From the mixture, DNA from two major contributors was distinguishable and is suitable for comparison to known reference samples.

15. As a matter of background, DNA is known as a self-replicating material present in nearly all living organisms as the constituent of chromosomes and is the carrier of genetic information. When DNA is scientifically tested, DNA can determine the fundamental and distinctive characteristics or qualities of someone or something, especially when regarded as "unchangeable." Based on my training and experience, I am aware that DNA evidence is contained in the hair, skin, blood, and saliva in the human body. These substances can be tested to obtain DNA. Based on my training and experience, I am aware that human contact with an object can cause the transfer of DNA from the person to the object. Such transfer of DNA is referred to as touch DNA, which can be extracted in a laboratory for use in comparison to known DNA samples. In order for the laboratory to conduct comparisons to the major mixture DNA profile obtained in this investigation, known reference samples of DNA from the subjects are required. I know buccal swabs are an expedient, prudent, and non-intrusive manner to obtain such DNA samples.

16. On November 9, 2022, DNA samples via buccal swabs were collected from three subjects, not including JONES, per federal search warrant 4:22-mj-238 issued in South Dakota. Due to United States Marshals Service (USMS) transportation issues involving JONES, he was unable to appear in South Dakota with the others, thus his DNA was not able to be collected under the same warrant. According to the USMS, JONES is currently being held at the Grady County Jail in Chickasha, Oklahoma.

## AUTHORIZATION REQUEST

17. Based on these facts, I respectfully submit there is probable cause to believe that Keivon JONES committed violations of Bank Larceny and Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(b) and 2, and Transportation of Stolen Property or Money and Aiding and Abetting, in violation of 18 U.S.C. §§ 2314 and 2, and that a search of JONES' person to obtain a DNA sample for comparison to the DNA profile extracted from crime scene evidence will yield further evidence linking him to the crimes. I, therefore, respectfully request that a search warrant be issued authorizing the search of the person of Keivon Donje Jamail JONES to obtain two buccal swab DNA samples from his mouth.

Agents/officers will obtain cotton swabs of the defendant's saliva via buccal swabs in the normally accepted forensic manner.

FURTHER AFFIANT SAYETH NOT.

*[signature]*
SHANA TERRY
Special Agent, FBI

SUBSCRIBED AND SWORN to before me this 16th day of November, 2022.

*[signature]*
AMANDA MAXFIELD GREEN
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

The mouth of Keivon Donje Jamail Jones, DOB: XX-XX-1997, SSN XXX-XX-3552, by means of buccal swab(s).

## ATTACHMENT B

### Particular Things to be Seized

Two DNA samples from Keivon Donje Jamail Jones for comparison to DNA profiles extracted from crime scene evidence.